## DUNN v. GILBERT, et al*

(No. 1354; March 22, 1927; 254 Pac. 121.)

JOINT ADVENTURES—EVIDENCE—CONTRACTS—SUBCONTRACTORS.

1. Contract whereby one party, who had previously contracted to furnish material and labor to construct grading on state highway, agreed that the other party should *do* work and furnish material for half of net profits, *held* to establish relationship of contractor. and subcontractor rather than joint adventurers.

2. Where parties to contract, in absence of fraud or undue influence, reduce their agreement to writing, such writing must be held *to correctly speak agreement* between them.

3. Evidence *held* to show that contractor did not expressly _ or impliedly agree to pay owner of outfit used by subcontractor in grading road, for use of such outfit, where dealings with regard to work were between contractor and subcontractor.

4. Evidence *held* to show that contractor, or subcontractor with contractor's knowledge and consent, did not hold itself out as joint adventurer with subcontractor, to plaintiff, who owned outfit used by subcontractor in grading state road, where plaintiff attended conference between contractor and subcontractor, at which they discussed fifty-fifty agreement, since use of ''fifty-fifty'' would not of itself warrant conclusion that parties were joint adventurers.

5. Owner of road-grading outfit used by subcontractor *held* to have obligation to investigate and ascertain relationship between contractor and subcontractor, where he received letter from latter wherein ''we'' offered to split profits and writer said he had arranged ''to go in with'' contractor; but such letter did not show joint adventure.

*See Headnotes:. (1) 33 CJ p. 845 n. 66 New. (2) 22 CJ p. 1098 n. 96. (3, 4) 13 CJ p. 777 n. 6; 33 CJ p. 874 n. 74. (5) 33 CJ p. 874 n. 74.

APPEAL from District Court, Natrona County; BRYANT S. CROMER, Judge.

Action by W. F. Dunn against M. E. Gilbert and others, a copartnership doing business as Gilbert Bros., and others. From a judgment for defendants J. W. Maney and others, a copartnership doing business as Maney Bros. & Co., plaintiff appeals.

*B. G. Westover,* and *C. E. Geiger,* for appellant.

If a person holds himself out as a partner to another, and credit is extended to the partnership on the strength thereof, he is estopped from claiming that he is not in fact a partner; nor is it always necessary that such holding out shall be as to a partnership then actually existing or operating; Sneider v. Co., 28 Wyo. 40; 1 Lindley on Partnership, 54; 2 Herman on Estoppel, etc., 1230; Jones on Evidence, 2nd Ed., p. 344; Rainsford v. Massengale, 5 Wyo. 1; 4187 C. S. Parties joined together for mutual profit, one contributing money, the other skill, labor and experience, there is a partnership; Ward v. Thompson, 22 How. 330; Beauregard v. Case, 91 U. S. 134; 1 Lindley on Partnership, (A. Ed.) 16. A joint adventure partakes of the nature of a partnership and may be implied from the conduct of the parties; Reece v. Rhoades, 25 Wyo. 91; 15 R. C. L. 500. A partnership existing between Gilbert Brothers and Maney Brothers & Company was established by the evidence; sharing in the profits of a business is sufficient to establish partnership; 30 Cyc. 390; 20 R. C. L. 826, 831. Maney Brothers & Company, having held themselves out as partners, are estopped from denying that relation; 4187 C. S.; Sneider v. Co., supra. Knowledge of Mr. Crane, agent of Maney Brothers & Company, must be imputed to his principal; the court erred in excluding the evidence of plaintiff as to his understanding of the partnership; Jones on Evidence, (2nd Ed.) 191. It was material in showing that plaintiff was influenced by and relied upon acts or conduct upon which the estoppel is predi-

cated; each one, of several joint adventures, has power to bind the others; 15 R. C. L. 505. The joint enterprise consisted of grading and constructing a highway; the use of the equipment was indispensable to the accomplishment of the enterprise; if Gilbert Brothers and Maney Brothers & Company are partners, it would be preposterous to say that they could make a secret agreement between themselves and thus defeat an obligation incurred by the partnership; the judgment should be reversed.

*George W. Ferguson,* for respondents.

No partnership was established within the provisions of Section 4177 C. S.; there was no agreement to pay plaintiff for the use of the machinery; the authority of a party to a joint adventure, to bind others is limited; Reece v. Rhoades, 25 Wyo. 91. No liability as against Maney Brothers & Company was shown by the evidence; an adventurer is not bound by the act of his co-adventurer in creating indebtedness; Rowley on Modern Law of Partnership, Sec. 980, 995; Lafon v. Chinn, 6 B. Monroe (Ky.) 305; Cooper v. Frierson, 48 Miss. 300; Hartney v. Gosling, 10 Wyo. 346; Le Roy Co. v. Johnson, 27 U. S. 186; 5 Elliott on Contracts, 1068. Estoppel must be pleaded; 10 R. C. L. 842.

Brown, District Judge.

In this case the plaintiff seeks to hold the defendants Maney Brothers and the defendants Gilbert Brothers as joint adventurers for the reasonable value of the use of a grading outfit, consisting of horses, harness, and equipment for moving earth. Gilbert Brothers did not answer. Judgment was entered against them by default. The case was tried to the court without a jury. At the close of plaintiff's evidence, the court sustained a motion to find for defendants and rendered judgment accordingly. Plaintiff brings the case here on direct appeal. Maney Brothers had secured a contract for the construction of a portion of

state highway east of Orin, in Converse County. M. E. Gilbert, of Gilbert Brothers, approached Maney Brothers, offering to furnish the teams, outfit and necessary equipment and oversee the work of construction, and divide the profits if Maney Brothers would finance the job. Gilbert Brothers had owned a large grading outfit consisting of forty-odd horses, harnesses, and the necessary machinery and equipment for moving earth. They had worked with, or under, Maney Brothers a year or two previous, using this outfit. At the time of the trial they were using this outfit or a part of it, claiming at that time that it belonged to a sister. The plaintiff held a bill of sale to the outfit at the time of the work in question, and we think the evidence fairly shows him to be the owner thereof. It was understood by all parties that in making their offer Gilbert Brothers were to furnish and use this outfit in carrying forward this contract. The negotiations and agreement between Gilbert Brothers and Maney Brothers were later reduced to writing. It is not seriously contended that this written contract does not fix the status of these parties between themselves. The portion of the contract that is material here reads:

"CONTRACT

THIS AGREEMENT, made and entered into this 10th day of April, 1924, by and between MANEY BROTHERS & COMPANY, a partnership of Oklahoma City, Oklahoma, herein referred to as the 'Contractor', party of the first part, and GILBERT BROTHERS of Casper, Wyo., a partnership composed of M. E. Gilbert, C. B. Gilbert, and herein referred to as the 'Subcontractor', party of the second part WITNESSETH:—

WHEREAS, the Contractor herein did, on or about the 10th day of April, 1924, enter into a written contract with The Tyler-Baker Construction Company of Rock River, Wyo., under the terms and provisions of which the Contractor agreed to furnish and deliver the necessary material and perform the necessary labor to construct what is known as the grading on the Orin-Manville-Lusk State

Highway, known as project 48-A in Converse County, State of Wyoming, in accordance with the plans and specifications attached to and made a part of said contract.

WHEREAS, the Subcontractor, being familiar with the amount of work to be performed, the manner in which it must be constructed and the time in which it must be completed, desires to, and does hereby enter into an agreement to furnish and deliver the necessary material and perform the necessary labor required for the construction of the work embraced in the contract referred to in paragaph one hereof, and the prices at which the Subcontractor agrees to perform same being as follows to-wit:—for one half of the net profits derived from the work after deduction of all legitimate expenses and costs connected with the construction are paid. The above consideration of one half of the net profits from the job shall be full compensation to the Subcontractor for the use of their stock, tools, machinery and full compensation for the services of the members of the firm of Gilbert Brothers.

MANNER OF PERFORMANCE:—The Subcontractor agrees, at his own cost and expense, to furnish all the necessary equipment and material and perform all the necessary labor for the proper construction of all the work embraced in paragraph two hereof in a manner fully acceptable and satisfactory to the Engineer * * *.''

The relation of Maney Brothers and Gilbert Brothers as fixed by the above contract is that of contractor to subcontractor and not that of joint adventurers. Much stress, in the oral argument by appellant, was placed on the alleged fact that the written contract, while dated April 10, was not actually signed until the work was partially completed. It does not appear that the written contract does not embody the oral arrangement of the parties. Whether it does or not, when the parties to a contract, in the absence of fraud or undue influence, reduce their agreement to writing, that writing must be held to correctly speak the agreement between them.

The questions for us to determine are (1) whether or not Maney Brothers expressly or impliedly agreed to pay

plaintiff for the use of his grading outfit, and (2) whether or not Maney Brothers, or Gilbert Brothers, with the knowledge and consent of Maney Brothers, so held themselves out to plaintiff as joint adventurers as to bind Maney Brothers for the payment of the use of the outfit.

We need give the first proposition but little attention. Neither Maney Brothers nor plaintiff ever approached the other with reference to the outfit. There is some evidence in the record to the effect that Maney Brothers thought Gilbert Brothers owned the outfit, and plaintiff's interest was that of mortgagee. No negotiations for the hire of the outfit ever took place between them.

(2) Did Maney Brothers, or Gilbert Brothers with the knowledge and consent of Maney Brothers, so hold themselves out to plaintiff as joint adventurers as to bind Maney Brothers for the use of the outfit? There is no serious dispute between counsel as to the law in the case. Counsel for Maney Brothers frankly admits that if either Maney Brothers or Gilbert Brothers with the knowledge and consent of Maney Brothers, held themselves out to plaintiff as joint adventurers and plaintiff relied thereon, Maney Brothers would be liable.

Negotiations began between the defendants at Casper. Plaintiff was called in during these conversations. He says that Gilbert asked him to sign the contract between them. He says: "I told them I wouldn't sign the contract but I would sell them the outfit so cheap it would make their heads swim." He was asked to relate their conversation. His answer was: "They were talking fifty-fifty, I don't know that the basis was agreed upon." In the next answer he says: "Their conversation was between themselves. I didn't have anything to do with it." He was asked again to relate what was said in the conversation, and answered: "They were talking back and forth between themselves as to what profit it would make, and the trend of the conversation was that Maney Brothers would furnish the financial end of the contract

and Gilbert would be the manager of it.'' ''Was anything said between them with reference to dividing the profits?'' ''I don't recollect that there was.'' Mr. M. E. Gilbert testified about the same series of conversations as follows: ''Well, we have talked together several different times, but I don't know whether we talked together regarding the price of the outfit or arrangement of anything about the outfit, but we all talked together there two or three days awaiting an answer to the telegram.'' Quoting from his testimony on cross examination: ''What was the agreement between you and Mr. Dunn as to who should pay him for the use of this outfit on this project?'' ''Well, Gilbert Brothers, I suppose, they was the ones that furnished the outfit.'' Neither Gilbert nor Dunn testified that at that time that Dunn was looking to any party other than Gilbert Brothers for his pay for the use of his outfit.

To establish a joint adventure plaintiff relies upon the following letter written by M. E. Gilbert to plaintiff after the outfit was at Orin ready to commence work. There is no evidence in the record that Maney Brothers had any knowledge of this letter or its contents. The letter reads:

> "Orin, Wyo., May 3rd, 1924.
>
> W. F. Dunn, Casper, Wyo.
>
> Dear Sir:—I have arranged with Crane of Maney Bros. Co. to go in with them on the from the Tyler-Baker Const. Co. I think we can make a little profit on this work and would like to use your outfit which is now here and we will allow you reasonable for the use of the outfit or we will split the profits fifty-fifty with you and we will take good care of it. Waiting your approval of either of the above.
>
> Gilbert Bros.
> By M. E. Gilbert.''

On cross-examination of Mr. Gilbert it appears that ''we'' in the above letter referred to Gilbert Brothers and the profits he was offering to split with plaintiff was

Gilbert Brothers' share of the profits. Construed in the light of the surrounding facts and circumstances it could mean nothing else. Gilbert had already agreed that Maney should have half of the profits. And this was discussed in Dunn's presence. The phrase used in the above letter, ''to go in with them,'' could mean joint adventure or a number of other combinations. We think there was an obligation on plaintiff to investigate and ascertain what the relation was. He also relies upon the following telegram, from Maney to Gilbert, which was shown him during the negotiations:

''Espanola, N. Mex. 26

M. E. Gilbert, Casper, Wyo.

Message received. Will furnish tractor and arrange to carry work fifty fifty basis. Will be in Cheyenne Monday. Call me Plains Hotel.

J. W. Maney.''

The final agreement was closed at Cheyenne between M. E. Gilbert and J. W. Maney. Plaintiff knew the parties were negotiating and that the final contract was not entered into at the Henning Hotel in Casper. Yet he made no inquiry of either of the parties as to the agreement and made no effort to inform himself as to its terms after it was completed. His information was that they were entering into some kind of an arrangement to do this work on a fifty-fifty basis.

Would the facts that were brought to the attention of plaintiff justify him in the conclusion that the arrangement between these parties was a partnership or joint adventure? We think not. Maney Brothers had the contract for the work. Gilbert Brothers were seeking some contract or arrangement whereby they could do the work under and in connection with Maney Brothers. There is no evidence that fifty-fifty was a trade term with a fixed meaning. We do not think that the ordinary meaning would warrant the interpretation that plaintiff is con-

tending for. Plaintiff originally held a mortgage on the outfit. This being unpaid, he took a bill of sale. Gilbert testified, and it is not contradicted, that the money to be paid plaintiff for the use of the outfit was to be applied by plaintiff towards its redemption by Gilbert Brothers. Perhaps this explains his lack of interest in the Gilbert-Maney contract.

It follows that the judgment of the District Court should be affirmed, and it is so ordered.

*Affirmed.*

KIMBALL, Justice, and RINER, District Judge, concur.